IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DWIGHT L. ALLEN,

   Plaintiff,

v.

TOMMY GREGORY, Sheriff;
Capt. HAMILTON; Lt. BAKER;
and Staff Sgt. WATSON,

   Defendants.

CIVIL ACTION NO.: CV209-156

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Georgia Diagnostic and Classification Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520; Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10; <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was denied adequate legal materials at the Camden County Detention Center. (Doc. No. 1, p. 6). Plaintiff further asserts that the Camden County Detention Center improperly uses commissary funds. (<u>Id.</u> at p. 7). Plaintiff names as Defendants in this case: Sheriff Tommy Gregory, Captain Hamilton, Lt. Barker, and Staff Sgt. Watson. (<u>Id.</u> at p. 1). A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2).

Plaintiff fails to make any factual allegations that the named defendants are involved in any way with the distribution of commissary funds or with the supply and access to legal materials. As Plaintiff has failed to make any factual allegations against any of the named Defendants, his Complaint should be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 29th day of January, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE